# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ROBERT L. BURNS, JR.,

    Petitioner,

    v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:18-CV-00055
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED**.

### Facts and Procedural History

Petitioner challenges his April 25, 2012 convictions after a jury trial in the Licking County Court of Common Pleas on three counts of illegal use of a minor in nudity oriented performance, in violation of O.R.C. § 2907.323; three counts of corruption of a minor, in violation of O.R.C. § 2907.04(A); and one count of corrupting another with drugs, in violation of O.R.C. § 2925.02. Petitioner was sentenced to an aggregate term of thirteen years and three months incarceration and classified as a sexually oriented offender. *See State v. Burns*, No. 2012-CA-37, 2012 WL 4831630 (Ohio Fifth App. Dist. Oct. 9, 2012). On October 9, 2012, the state appellate court affirmed the judgment of the trial court. *Id*. Petitioner apparently did not file an appeal to the Ohio Supreme Court.

> On October 22, 2015, more than three years after his trial, appellant filed a pro se petition for post-conviction relief ("PCR"). Via a judgment entry issued on November 25, 2015, the trial court denied appellant's petition for post-conviction relief as untimely. On July 6, 2016, we affirmed. *See State v. Burns*, 5th Dist. Licking No. 15–CA–98, 2016–Ohio–4833. Appellant's attempts to have the decision reviewed by the Ohio Supreme Court and the United States Supreme Court were unsuccessful. *See State v. Burns*, 147 Ohio St.3d 1506, 2017–Ohio–261, 67 N.E.3d 824; *Burns v. Ohio*, 138 S.Ct. 73, 199 L.Ed.2d 50 (2017).
>
> In addition, on February 23, 2015, prior to his aforesaid PCR petition, appellant had filed a post-conviction "motion for production of *Brady* material."FN1 Then, on June 22, 2017, appellant filed a "motion to compel disclosure of exculpatory material and information." The State filed a response on August 3, 2017.
>
> On August 8, 2017, the trial court denied appellant's motion to compel disclosure via a judgment entry.
>
> On August 31, 2017, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
>
> "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S 'MOTION TO COMPEL DISCLOSURE OF EXCULPATORY MATERIAL AND INFORMATION,' WHEN IT IS CLEAR THAT SOME OF THE DISCOVERY WAS SUPPRESSED, AND OTHER DISCOVERY WAS MARKED 'COUNSEL ONLY' BY THE PROSECUTION WHO SET OUT TO MISLEAD THE TRIAL PROCESS, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS."
>
> FN1: *See Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215.

*State v. Burns*, No. 17 CA 0069, 2018 WL 355162, at *1 (Ohio App. 5th Dist. Jan. 8, 2018). On January 8, 2018, the appellate court affirmed the judgment of the trial court. *Id*. Petitioner apparently did not file an appeal to the Ohio Supreme Court.

On January 22, 2018, Petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that the state courts improperly denied his petition for

2

post-conviction relief (claim one); and that he was denied the effective assistance of trial and appellate counsel due to the admission of tainted evidence, the suppression of exculpatory and impeachment evidence, prosecutorial misconduct, and based on his attorney's failure to file a request for a competency evaluation or a motion to dismiss due to the violation of Petitioner's right to a speedy trial (claim two).

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Applying the language of § 2244(d)(1)(A), Petitioner's conviction became final in November 2012, forty-five days after the appellate court's October 9, 2012, decision affirming Petitioner's convictions, and when the time for filing a timely appeal to the Ohio Supreme Court expired. *See Albert v. Warden, Chillicothe correctional Institution,* No. 2:16-cv-1110, 2017 WL 2189561, at *3 (S.D. Ohio May 18, 2017) (citing *Norris v. Bunting*, No. 2:15-cv-764, 2017 WL 749200, at *8 (S.D. Ohio Feb. 27, 2017) (citing *Crangle v. Kelly*, 838 F.3d 673, 679 (6th Cir. 2016); *Adams v. Chillicothe Correctional Institution*, No. 2:16-cv-00563, 2016 WL 3906235, at *2 (S.D. Ohio July 19, 2016) (citing *Worthy v. Warden*, No. 2:12-cv-652, 2013 WL 4458798, at *2 (S.D. Ohio Aug. 19, 2013)) (citing *Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir. 2001); *Marcum v. Lazarof,* 301 F.3d 480, 481 (6th Cir. 2002)). The statute of limitations expired one year later, in November 2013. Petitioner's February 23, 2015 and October 22, 2015 post-conviction motions did not affect the running of the statute of limitations because Petitioner filed these actions after the statute of limitations had already expired. "State collateral actions filed after the statute of limitations has expired do not toll the running of the statute of limitations under 28 U.S.C. § 2244(d) (2)." *Lacking v. Jenkins*, No. 2:15-cv-3069, 2016 WL 4505765, at *3 (S.D. Ohio Aug. 29, 2016) (citing *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not...'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Moreover, the state courts dismissed Petitioner's October 22, 2015 post-conviction petition as untimely. "A post-conviction petition that is rejected as untimely by the state courts is not "properly filed" within the meaning of § 2244(d)(2) and does not toll the running of the statute of limitations. *See Henderson v. Bunting*, 698 F. App'x 244, 246-47 (6th Cir. 2017) (citing *Allen v. Siebert*, 552

4

U.S. 3, 7 (2007). Thus, the statute of limitations expired in November 2013. Petitioner waited more than three years later, until January 21, 2018, to execute this habeas corpus petition. (ECF No. 1, PageID# 29.)

According to the Petitioner, this action nonetheless is timely because he filed his post-conviction petition on the basis of newly discovered evidence that was not submitted at trial, and his court-appointed counsel was working with the State to secure his convictions and refused to provide him with paperwork that would establish that the State fabricated or tampered with evidence. Additionally, Petitioner claims that his convictions are the result of fraud upon the court, and the one-year statute of limitations therefore does not apply. He asserts that he is actually innocent and the victim of a manifest miscarriage of justice. He further argues that the trial court's failure to order a competency evaluation constitutes grounds for equitable tolling of the statute of limitations. (PageID# 29.) Petitioner's arguments are not persuasive.

Petitioner alleges that police tampered with a tape recording of a telephone conversation he had with the alleged victim in which he made incriminating statements regarding the allegations against him. (*See* ECF No. 1-1, PageID# 60.) He claims that police "planted" the evidence of drugs and child pornography in his home, and that some of the photographs of the alleged victim show that they were taken in the bedroom of his son, who recanted his testimony against Petitioner prior to trial. (ECF No. 1, PageID# 8-9.) Petitioner alleges that his attorney helped to conceal this exculpatory evidence from him. (PageID# 10.) However, Petitioner's allegations are entirely without support. Moreover, the record does not indicate that Petitioner could not have earlier raised these claims, or that he was prevented from doing so for the time period at issue here. In a letter dated October 3, 2016, the Licking County prosecutor noted that Petitioner's allegations of fraud and prosecutorial misconduct could have been raised at trial and

5

that Petitioner knew of the factual basis for his claims as early as in March 2000, but at that time he absconded from the authorities and remained "on the run for many years" before he was re-arrested on September 12, 2011. (ECF No. 1-1, PageID# 41-44.)

Under the provision of 28 U.S.C. § 2244(d)(1)(D), the statute of limitations does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The question is not when the petitioner first learns of the factual predicate for his claim but, rather, when the petitioner should have learned of the basis for his claim had he exercised reasonable care. *Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004) (citations omitted). "Section 2244(d)(1)(D) . . . does not convey a statutory right to an extended delay while a habeas petitioner gathers evidence that might support a claim." *Brooks v. McKee*, 307 F. Supp. 2d 902, 906 (E.D. Mich. 2004) (citation omitted). It is the petitioner's burden to establish that he exercised due diligence in searching for the factual predicate for his habeas corpus claim. *Redmond v. Jackson*, 295 F.Supp.2d 767, 772 (E.D. Mich. 2008) (citing *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002)). He has failed to meet this burden.

Further, the record does not indicate that Petitioner acted diligently in pursuing relief or that some extraordinary circumstances prevented him from timely filing such that equitable tolling of the statute of limitations would be appropriate. *See Holland v. Florida*, 560 U.S. 631, 650 (2010) (A petitioner is entitled to equitable tolling only if he shows "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way" and prevented timely filing) (citing *Pace*, 544 U.S. at 418). While a petitioner's mental incompetence that prevents him from timely filing a habeas petition may warrant equitable tolling of the statute of limitations, "a blanket assertion of mental incompetence is insufficient to

toll the statute of limitations . . . . Rather, a causal link between the mental condition and untimely filing is required." *Ata v. Scutt,* 662 F.3d 736, 742 (6th Cir. 2011) (citing *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008)).

The one-year statute of limitations may be equitably tolled upon a "credible showing of actual innocence." *See Cook v. Ohio*, No. 2:15-cv-02669, 2016 WL 374461, at *10 (S.D. Ohio Feb. 1, 2016) (citing *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005)). Accordingly, "a petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly*, No. 1:11-cv-1271, 2012 WL 487991, at *1 (N.D. Ohio Feb. 14, 2012) (citing *Souter*, 395 F.3d at 590). Actual innocence means factual innocence, not mere legal sufficiency. *See Bousely v. United States,* 523 U.S. 614, 623 (1998). However, the Petitioner must overcome a high hurdle in order to establish his actual innocence.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S. Ct. 851, 130 L.Ed. 2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808 .... "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S. Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id*. at 321, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808.

7

*Souter*, at 589-90 (footnote omitted). "To invoke the miscarriage of justice exception to AEDPA's statute of limitations . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup*, 513 U.S. at 327). Petitioner has failed to provide credible evidence of actual innocence. He has provided no new reliable evidence supporting his claim of actual innocence. Thus, Petitioner has failed to establish he is entitled to equitable tolling under this exception.

Additionally, Petitioner's claim that the state court abused its discretion by dismissing his post-conviction petition does not provide him a basis for relief. "The Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) (citing *Kirby v. Dutton,* 794 F.2d 245, 246-47 (6th Cir. 1986); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002)). *See also Leonard v. Warden, Ohio State Penitentiary*, 846 F.3d 832, 854-55 (6th Cir. 2017) (declining to revisit the issue) (citations omitted).

## Recommended Disposition

For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED.**

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is

made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE