IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT L. BURNS, JR.,

    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:18-CV-00055
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On February 1, 2018, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be dismissed as barred by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d). (ECF No. 4.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 5.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 5) is **OVERRULED**. The *Report and Recommendation* (ECF No. 4) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner's *Motion for Leave to Proceed in forma pauperis* (ECF No. 6) is **DENIED** as moot. Petitioner already has paid the filing fee.

The *Motion for Discovery* (ECF No. 7) is also **DENIED**.

The Court **DECLINES** to issue a certificate of appealability.

In April 2012, Petitioner was convicted after a jury trial in the Licking County Court of Common Pleas on three counts of illegal use of a minor in nudity oriented performance, three counts of corruption of a minor, and one count of corrupting another with drugs. The Ohio Fifth

District Court of Appeals affirmed the judgment of the trial court. *State v. Burns*, No. 2012-CA-37, 2012 WL 4831630 (Ohio Fifth App. Dist. Oct. 9, 2012). Petitioner did not file an appeal to the Ohio Supreme Court. In February and October of 2015, he unsuccessfully pursued post-conviction relief. He now asserts that the state courts improperly denied his petition for post-conviction relief and that he was denied the effective assistance of trial and appellate counsel due to the admission of tainted evidence, suppression of exculpatory and impeachment evidence, prosecutorial misconduct, and his attorney's failure to file a request for competency evaluation or motion to dismiss. The Magistrate Judge recommended dismissal of this action as time-barred and because claim one fails to provide a basis for federal habeas corpus relief. Petitioner objects to the recommendations of the Magistrate Judge.

According to Petitioner, the statute of limitations does not apply because his convictions resulted from fraud, prosecutorial misconduct, and racism. Petitioner claims that police fabricated and tampered with evidence. Additionally, he complains that his attorney refused to turn over certain records, including information regarding investigative services. Petitioner further alleges that defense counsel conspired with the prosecution to suppress evidence establishing that police fabricated or tampered with evidence by marking certain documents as "counsel only" and sealing other evidence which would have established that the alleged victim lied. Petitioner asserts that he has acted diligently in pursuing relief. He argues that his mental health issues, as can be shown after a competency evaluation and expansion of the record or discovery on this issue, may warrant equitable tolling of the statute of limitations. Petitioner claims that he is actually innocent. In support, he states that a report by Diamond Boggs, a computer forensic specialist, was excluded from trial, and Vicky King, his ex-wife, provided inconsistent statements against him.

**Request for Discovery**

Petitioner has filed a motion for discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides as follows:

> (a) Leave of Court Required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> (b) Requesting Discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

Under this "good cause" standard, a district court should grant leave to conduct discovery in habeas corpus proceedings only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is... entitled to relief....'" *Bracy*, 520 U.S. at 908-909 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). *See also Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied*, 537 U.S. 831 (2002).

> "The burden of demonstrating the materiality of the information requested is on the moving party." *Stanford*, 266 F.3d at 460. Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir.1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

*Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004), *cert. denied*, 544 U.S. 1003 (2005).

Petitioner apparently seeks to obtain discovery of an unspecified nature in support of his claim of "police tampering" and "corruption of the judicial process." (ECF No. 7, PAGEID #119.) Petitioner asserts that he has been unable to obtain evidence in support of these allegations and refers in support to various exhibits he has attached to the *Petition,* including discovery material previously provided to him, an Amended Bill of Particulars, a letter from his former attorney, Diane M. Menashe, and a letter from the Licking County prosecutor's office rejecting Petitioner's request that charges be filed against police for tampering with evidence and purportedly planting the pornographic images found on his computer. The letter from the prosecutor's office is dated October 3, 2016, and indicates in relevant part that Petitioner was on the run for many years but that before he absconded, in 1999, his attorney requested a continuance of the trial date based on the alleged unavailability of a "tape specialist." (ECF No. 1-1, PAGEID #44.) However, the prosecutor goes on to indicate that

> [n]o report of any such "tape specialist" then ever surfaces as far as I can see. Thus I am left to conclude that there is no forensic opinion that supports your claims that any recordings were tampered with and that this may very well be because the "tape specialist" retained by your former attorney was not willing to provide you with a forensic opinion that supported your claims.

*Id.* Petitioner also refers to a Supplemental Discovery document provided to him upon the re-filing of charges in Case Number 12-CR-116, wherein the State indicated that "witnesses in this matter have differing recollections as to the number of photographs of J.W. and manner in which the photographs of J.W. were placed into the custody of the Newark Police Department." (ECF No. 1-1, PAGEID #47.) The letter from his attorney, Diane M. Menashe, is dated February 10, 2017, and indicates that she provided him with a complete copy of his case files:

> Enclosed you will find a complete copy of the discovery filed by the State in the above-referenced case files minus any audio that either is on CD Rom and/or cassette disc. (I have however

4

> enclosed my attorney notes of all the witness interviews which were audio recorded.) Not enclosed are materials which were marked "counsel only" by the prosecutor's office. Those documents are not enclosed as I am not allowed to disclose them to you. Of course, you and I reviewed the "counsel only" documents together during the course of my representation, as is my policy with all clients and all such documents.

(ECF No. 1-1, PAGEID #51.)

Contrary to Petitioner's allegation here, none of the foregoing documents, and nothing in the record whatsoever, supports his claim that any unidentified additional discovery material will assist him in establishing his unsupported allegations that police fabricated or tampered with the evidence against him or that his attorney colluded with the prosecutor to prevent the discovery of such evidence. Petitioner does not indicate the nature of the discovery material he seeks. His discovery request constitutes the type of fishing expedition discouraged by the rules governing habeas corpus cases. Moreover, and most fatally to Petitioner's request, the discovery sought by Petitioner is not relevant to the sole issue presently before the Court, *i.e.*, whether the one-year statute of limitations forecloses this Court's review of the merits of Petitioner's claims.

Petitioner's request for discovery therefore is **DENIED**.

**Objections**

Petitioner's objections likewise are not well-taken. As discussed by the Magistrate Judge, applying the provision of 28 U.S.C. § 2244(d)(1)(A), the statute of limitations expired in November 2013. Petitioner waited more than four years, until January 22, 2018, to file this habeas corpus petition. Further, the record does not indicate either that Petitioner acted diligently in pursuing relief, or that equitable tolling of the statute of limitations is warranted. "The burden of production and persuasion rests on the petitioner to show he or she is entitled to equitable tolling." *Kitchen v. Bauman*, 629 F. App'x 743, 747 (6th Cir. 2015) (citing *Ata v.*

5

*Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)), *cert. denied*, 136 S. Ct. 1462 (2016). Petitioner has failed to meet this burden here. As discussed above, Petitioner's allegations of fraud and collusion, and his claim that police planted or fabricated evidence against him are entirely without support.[1] Additionally, and as discussed by the Magistrate Judge, the record does not indicate that Petitioner can establish that he is actually innocent of the charges. The state appellate court made the following findings of fact regarding the charges against Petitioner:

> A. Use of a Minor in a Nudity Oriented Performance.
>
> Three images of a nude juvenile ("J.W.") were presented in connection with three counts that alleged violations of illegal use of a minor in nudity-oriented performance. Two of the images were Polaroid camera photographs of a fully nude J.W. posing in Burns' bedroom. The third photograph was recovered from a zip disc seized from Burns" bedroom by police during the search warrant and later analyzed by the Ohio Bureau of Criminal Investigation. ["BCI"].
>
> J.W. confirmed that Burns had both a computer camera and Polaroid camera in his bedroom. Burns had requested J.W. to perform on the Internet and engage in sexual activity with him. While performing J.W. could view her own image on Burns' computer screen. J.W. identified all three nude images as her in 1999 and as having been taken in Burns' bedroom. J.W. also identified three other witnesses to Burns' behavior: his son, Ashlin O'Neal; his wife, Vicky Faye (fka Vicky Burns); and a friend, Oneida Roseberry.
>
> Diamond Boggs, computer forensic analyst with B.C.I. found a single nude image of J.W. on a zip disk recovered from Burns' bedroom. Boggs stated that where she recovered the image was not a default location and someone would have physically transferred it to that location. Boggs also found evidence of video streaming software on Burns' computer.

---

[1] The state appellate court affirmed the trial court's denial of Petitioner's June 2017, "motion to compel disclosure of exculpatory material and information" regarding items marked "counsel only" and other documents that Petitioner claimed had been sealed or excluded from trial, noting that the trial court had determined that "[t]here appears to be nothing in [appellant's] request that he did not or does not have access to through his own counsel." *State v. Burns*, No. 17 CA 0069, 2018 WL 355162, at *2 (Ohio App. 5th Dist. Jan. 8, 2018).

Burns' cousin, Donna Glover, stated that in 1999 Burns dropped off his son, Ashlin O'Neal, at her home in Columbus. Burns told Glover that he was leaving O'Neal with her because O'Neal had been accused of taking nude photographs of a fourteen-year-old female and his biological mother was abusing O'Neal.

Oneida Roseberry, Woods' friend, confirmed that she was present in Burns' bedroom with J.W. in 1999 and observed a computer camera. Burns asked J.W. and Roseberry to perform on the Internet. J.W. did perform and took off her top.
Faye, Burns' ex-wife, confirmed that a computer camera and Polaroid camera were present in the bedroom. She further confirmed Burns was the most knowledgeable household member concerning operation of computers.

Burns' daughter, Alyssa Burns, confirmed the family had a Polaroid camera and that Burns was the most computer savvy individual in the home. She also testified regarding a recorded conversation she had with Burns when he was being held at the Licking County jail. During the recording, which was played for the jury, Burns stated he had fled and lived in Mexico for the past decade; placed blame on J.W., stating J.W. had constantly walked around his home naked; and reported that the entire case was a set up by his former employer, the Newark police, his brother, his wife and J.W.

Two members of the Newark Police Department, Timothy Elliget and William Hatfield, confirmed that unrelated Polaroid photographs, a computer camera and the zip drive were recovered during execution of the search warrant at Burns' residence in 1999.

Detective Kenneth Ballantine, lead detective on the case, interviewed Burns after his arrest on March 18, 1999. Burns claimed during the interview that the nude photographs of J.W. were taken for her boyfriend. Prior to the arrest Detective Ballantine had J.W. engage in a controlled call to Burns. During the call, J.W. told Burns that she had some brandy, was planning to get drunk, and wanted to take some pictures like before. J.W. noted that she did not have sex with anyone before and was not going to do so this time, either. Burns initially ignored her and told her to tell her mother that he would come over later to pick-up something. Nevertheless, J.W. continued to push about the photographs, so Burns eventually told her that he would check with some other people to see if they wanted to do the photographs.

B. Corruption of a Minor.

J.W. relayed that Burns had sexual conduct with her in at least three specific locations when she was fourteen in support of three counts of Corruption of a Minor in violation of R.C. 2907.04(A). In one instance, Burns engaged in sexual conduct with her at the University Inn hotel on her birthday. J.W. and Burns also engaged in sexual conduct at a location known as Staddens Bridge and in Burns' home. Multiple other witnesses confirmed J.W.'s testimony and Burns' sexual behavior toward J.W.

The former owner of the University Inn, Praven Patel, confirmed that he had personally checked in a "Robert Burns" on November 3, 1998.

Roseberry testified that she had viewed Burns sucking on J.W.'s breast the night she was present in Burns' bedroom. Faye was present with Burns in the bedroom once and recalled Burns requesting J.W. take her shirt off.

J.W. did not report these allegations to the police until March 1999. J.W. claimed she was frightened because Burns had made comments that if he were caught, he would leave and make sure no was able to speak about the incidents. J.W. provided the police with some Polaroid pictures of her nude that she claimed Burns had taken.

J.W. admitted at trial that she did not tell the police everything at once, but gave them bits of information at a time. J.W. gave the police three handwritten statements, on March 17, 1999, May 6, 1999, and June 17, 1999. J.W. never mentioned the Staddens Bridge incident in any of her statements. In her second statement, J.W. noted the University Inn incident, but merely claimed that she had sex with O'Neal, not Burns. J.W.'s statement indicated that she did not know if she had sex with Burns because she blacked out. J.W.'s statement also indicated that she could not recall the date of the University Inn incident, even though she subsequently claimed that it occurred on her birthday.

C. Corruption of a Minor with Drugs.

Burns was also charged with two counts of corruption of a minor with drugs in violation of R.C. 2925.02. Burns had regularly furnished J.W. with Valium, marijuana and alcohol during the time he knew her. The Valium was kept in a headboard cabinet in his

8

bedroom in a prescription bottle. Faye confirmed that a Valium prescription was present in the headboard and that marijuana was regularly in the house. Timothy Elliget, a criminalist with the City of Newark Police Department photographed Burns' headboard during execution of the search warrant and observed an empty prescription bottle of Valium. By the time of trial, several items of evidence were lost by the police and were not available for use at trial. This included the empty Valium bottle, the Polaroid camera, and the computer web cam.

The jury found Burns not guilty of Count 7, Corrupting Another with Drugs (Valium) in violation of R.C. 2925.04(A)(4)(a), a felony of the second degree. The jury found Burns guilty of Count 8 Corrupting Another with Drugs (Marijuana) in violation of R.C. 2925.02(A)(4), a felony of the fourth degree.

*State v. Burns*, No. 2012-CA-37, 2012 WL 4831630, at *1-3 (Ohio App. 5th Dist. Oct. 9, 2012). In short, the record fails to reflect that this is a rare and extraordinary case where the Petitioner has demonstrated that his actual innocence justifies consideration of the merits of his otherwise time-barred claims. *See Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005).

For all of the foregoing reasons, and for the reasons already detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 5) is **OVERRULED**. The *Report and Recommendation* (ECF No. 4) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner's *Motion for Leave to Proceed in forma pauperis* (ECF No. 6) is **DENIED,** as moot. Petitioner already has paid the filing fee.

Petitioner's *Motion for Discovery* (ECF No. 7) is **DENIED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v.*

*Fisher*, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claim as failing to provide a cognizable issue for relief. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED**.

3-6-2018
EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

10