IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT L. BURNS, JR.,

    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:18-cv-55
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court for consideration of Petitioner's July 2, 2019 Motion to Vacate a Judgment for Fraud Upon the Court, in which Petitioner moves under Federal Rule of Civil Procedure 60(b)(6) for an order vacating judgment and the Court's dismissal of this habeas corpus action as time barred. (ECF No. 21.) For the reasons that follow, Petitioner's Motion to Vacate (ECF No. 21) is **DENIED**.

### I.

This Court entered judgment on March 6, 2018, dismissing this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as time-barred. (ECF No. 11.) On August 8, 2018, the United States Court of Appeals for the Sixth Circuit denied Petitioner's request for a certificate of appealability. (ECF No. 18.) On April 2, 2019, the United States Supreme Court denied Petitioner's petition for a writ of *certiorari*. (ECF No. 20.) On July 2, 2019, Petitioner filed the subject Motion to Vacate, seeking an order vacating final judgment and this Court's decision finding Petitioner's habeas action to be time barred.

According to Petitioner, relief from judgment is warranted because police planted evidence against him, and his underlying criminal convictions are based on fraud. In support, Petitioner cites the same evidence and advances the same arguments this Court has already addressed. For example, Petitioner again refers to a February 10, 2012 document entitled "Memorandum from Diamond Boggs," (*Exhibit B,* ECF No. 1-1, PAGEID # 45), a memorandum drafted by a computer forensic specialist that had apparently been provided to defense counsel, but was not introduced at trial. Petitioner also references a "diskette" submitted to the BCI Computer Crime Unit (ECF No. 21, PAGEID # 210), and alleges that his attorney refused to turn over transcripts, discovery material, or other sealed documents trial documents. In addition to the foregoing, which the Court has already considered, Petitioner now references the Ohio Fifth District Court of Appeals' decision in child custody proceedings.[1] He also now references an unrelated case involving the 1990 prosecution of Virginia LeFever for the aggravated murder of her husband, William LeFever, *see LeFever v. Ferguson,* 956 F.Supp.2d 819 (S.D. Ohio July 9, 2013),[2] in support of his allegations of prosecutorial misconduct. He alleges that the prosecution

---

[1] The state courts found Petitioner's minor daughters to be dependent children based, in part, on sexual abuse allegations against Petitioner. *See In re Burns,* Nos. 99CA124, 99CA125, 2000 WL 873668, at *5 (Ohio Ct. App. June 26, 2000).

[2] Specifically, Petitioner refers to an action under 18 U.S.C. § 1983, by Virginia and her son against Newark police and other State officials:

> These consolidated cases arise out of Virginia LeFever's 1990 conviction for the aggravated murder of her husband, William LeFever in September 1988. Twenty-two years after being sent to prison for the murder, the trial court judge vacated Virginia's conviction and released her from prison. The basis for the trial court's ruling was the realization that Defendant James Ferguson, the forensic toxicologist in the Franklin County Coroner's Office who examined William LeFever's body in 1988, had lied at Virginia's trial about his credentials. Following the trial court's ruling ordering Virginia's release from prison, the Licking County (Ohio) Prosecutor dismissed the indictment against Virginia. In the cases before the Court, Plaintiffs Virginia (Case No. 2:11–cv–935) and her son Alex LeFever (Case No. 2:12–cv–664) sue Ferguson, Newark police officers

2

wrongly prosecuted him with racial animus and discriminatory intent. (ECF No. 21, PAGEID # 213.) Referring to a police interview, (*see* ECF No. 1-1, PAGEID # 31), Petitioner asserts the denial of the effective assistance of counsel based on his attorney's failure to call alibi witnesses. He further argues that the Court improperly denied his request for discovery and maintains that unidentified exculpatory evidence that will establish that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963). In short, Petitioner asserts that he is actually innocent and the victim of a manifest miscarriage of justice.

## II.

A petitioner's challenge to the Court's application of the statute of limitations may properly be addressed in a Rule 60(b) motion, and will not be considered to be a successive or second habeas corpus petition subject to authorization for filing from the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 2244(b)(3)(A). *See Hill v. Mitchell*, No. 1:98-cv-452, 2019 WL 1785485, at *5-6 (citing *Mitchell v. Rees*, 261 F. App'x 825, 829 (6th Cir. 2008); *see Gonzalez v. Crosby*, 545 U.S. 524 (2005).

Rule 60(b)(6), upon which Petitioner relies, provides as follows:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(6).

---

Ken Ballantine and Bill Hatfield, then-Licking County Coroner Robert Raker, the City of Newark, Ohio, Licking County, and Franklin County.

*Lefever v. Ferguson*, 956 F.Supp.2d at 823. The state court denied relief. *Id.*

3

Rule 60(b)(6) "vests courts with a deep reservoir of equitable power to vacate judgments 'to achieve substantial justice' in the most 'unusual and extreme situations.'" *Zagorski v. Mays*, 907 F.3d 901, 904 (6th Cir. 2018) (citing *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007)). It "applies only in exceptional or extraordinary circumstances where principles of equity mandate relief." *West v. Carpenter*, 790 F.3d 693, 696 (6th Cir. 2015) (citing *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013)). Such circumstances rarely occur in habeas corpus cases. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Moreover, Rule 60(b)(6) "does not grant a defeated litigant 'a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof.'" *Johnson v. Merlak*, No. 4:18cv1062, 2019 WL 1300215, at *2 (N.D. Ohio March 21, 2019) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). The public policy favoring the finality of judgments and the termination of litigation further circumscribes the application of Rule 60(b)(6). *Blue Diamond Coal Co. v. Trustees of UMWA Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (citation omitted). A claim of legal error, unaccompanied by facts establishing extraordinary and exceptional circumstances, likewise does not provide a basis for relief under Rule 60(b)(6). *West v. Bell*, No. 3:01-cv-91, 2010 WL 4363402, at *4 (citing *Gonzalez*, 545 U.S. at 535). However, it is the petitioner's burden to establish, by clear and convincing evidence, a basis for relief. *Johnson*, 2019 WL 1300215, at *2 (citing *Info-Hold, Inc. v. Sound Merck, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

As to Petitioner's assertion of actual innocence, this Court has recently observed:

> Rule 60(b)(6) provides an appropriate vehicle for relief based on the actual-innocence exception to AEDPA's statute of limitations. *See* [*Satterfield v. Dist. Attorney of Phila.*, 872 F.3d 152, 163 (3d Cir. 2017)] ("[A] proper demonstration of actual innocence [] should permit Rule 60(b)(6) relief unless the totality of equitable circumstances ultimately weigh heavily in the other direction."); [*Willis v. Jones*, 329 F. App'x 7, 14 (6th Cir. 2009) (entertaining an actual-innocence

4

argument on review of a denial of a Rule 60(b)(6) motion); *cf. Thomas v. Romanowski*, 362 F. App'x 452, 453 (6th Cir. 2010) (considering equitable tolling to overcome AEDPA's statute of limitations in the context of a Rule 60(b)(6) motion).

*Hill*, 2019 WL 1785485, at *8.

## III.

Petitioner has failed to carry his burden to establish that he is entitled to relief under Rule 60(b)(6). This Court has already rejected the arguments Petitioner now raises here and incorporates by reference the Court's prior analysis. (*See* Feb. 1, 2018 R. & R., ECF No. 4, PAGEID # 101-104; Mar. 6, 2018 Op. & Order 2, ECF No. 10, PAGEID # 132, 134-39.) Petitioner's re-argument does not justify relief. *See Evans v. Cordray*, No. 2:09-cv-587, 2012 WL 3309642, at *3 (S.D. Ohio Aug. 13, 2012). Further, although a petitioner's actual innocence may justify equitable tolling of the statute of limitations, *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005), as this Court has previously discussed, Petitioner cannot meet that high threshold. His arguments regarding proof of actual innocence are speculative and unsupported by the record. The statute of limitations expired in November 2013. Petitioner waited more than three years, until January 21, 2018, to execute this habeas corpus petition. The record reflects no basis for equitable tolling of the statute of limitations based on Petitioner's actual innocence or otherwise.

## IV.

For the reasons set forth above, Petitioner's Motion to Vacate a Judgment for Fraud Upon the Court (ECF No. 21) is **DENIED.**

5

IT IS SO ORDERED.

                                         7-29-2019
**EDMUND A. SARGUS, JR.**
**Chief United States District Judge**